IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

UNITED STATES OF AMERICA PLAINTIFF

v. CIVIL ACTION NO. 3:26-cv-750-DPJ-ASH

THE REAL PROPERTY KNOWN
AS 2152 TALBERT DRIVE, YAZOO
CITY, MISSISSIPPI 39194 DEFENDANT PROPERTY

**VERIFIED COMPLAINT FOR FORFEITURE *IN REM***

The United States of America, by and through its United States Attorney and the undersigned Assistant U.S. Attorney for the Southern District of Mississippi, brings this Verified Complaint for Forfeiture *in rem,* in accordance with Rule G(2) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("the Supplemental Rules") and the Federal Rules of Civil Procedure, and alleges as follows:

**NATURE OF THE ACTION**

1. This is an action by the United States seeking forfeiture of the real property located at 2152 Talbert Drive, Yazoo City, Mississippi 39194 (the "Defendant Property").

2. The Defendant Property is subject to forfeiture under 21 U.S.C. § 881(a) because the Defendant Property facilitated, was involved in, or constitutes the proceeds of drug trafficking, in violation of 21 U.S.C. §§ 841 (drug distribution) and 846 (drug conspiracy).

**JURISDICTION AND VENUE**

3. This Court has jurisdiction over an action commenced by the United States pursuant to 28 U.S.C. § 1345, and over an action for forfeiture *in rem* under 28 U.S.C. § 1355.

4. Venue is proper in the Northern Division of the Southern District of Mississippi pursuant to 28 U.S.C. §§ 1355(b)(1)(A) and 1395(a), because the acts and/or omissions giving rise

to the forfeiture occurred in this district and/or pursuant to 28 U.S.C. § 1395(b), because the Defendant Property was found and seized in this District or is located in this District.

**THE DEFENDANT IN REM**

5. The Defendant Property consists of the following asset:

| ASSET ID | PROPERTY DESCRIPTION |
|---|---|
| 26-FBI-004813 | Real property located at 2152 Talbert Dr. Yazoo City, MS 39194, more particularly described as:<br><br>All the following described land and property located and situated in the Yazoo County, Mississippi, to-wit:<br><br>LOT 8, OF COUNTRY CLUB ESTATE, A SUBDIVISION OF PART OF LOTS 10 & 11, LINTONIA PLANTATION to Yazoo City, Mississippi, according to the map or plat of same recorded in Plat Book 7 at Page 15, in the office of the Chancery Clerk of Yazoo County, Mississippi, reference to which is hereby made.<br><br>The improvements thereon being known as 2152 Talbert Drive, Yazoo City, Mississippi - 39194. |

**STATUTORY BASIS FOR FORFEITURE**

6. The Defendant Property is subject to forfeiture under 21 U.S.C. § 881(a) because the Defendant Property facilitated, was involved in, or constitutes the proceeds of drug trafficking, in violation of 21 U.S.C. §§ 841 (drug distribution) and 846 (drug conspiracy).

7. The Controlled Substances Act, 21 U.S.C. § 801, *et seq.,* and 21 U.S.C. § 881 make subject to forfeiture to the United States any proceeds derived, and any facilitating property, from any violation of 21 U.S.C. §§ 841 and 846. 21 U.S.C. § 881(h) provides that "[a]ll right, title, and interest in the property described in [21 U.S.C. § 881(a)] shall vest in the United States upon commission of the act giving rise to forfeiture" under Section 881.

**FACTS AND CIRCUMSTANCES**

8. Specific details of the facts and circumstances supporting the forfeiture of the

Defendant Property have been provided by Special Agent Zavier Williams with the Federal Bureau of Investigation (FBI), who has approximately thirteen (13) years of law enforcement experience and has been involved in various types of physical surveillance, in the execution of search and arrest warrants, and in the debriefing of defendants, witnesses and informants, as well as others who have knowledge of the distribution and transportation of controlled substances. The following facts are based upon his personal knowledge and experience obtained as a case agent and an investigating agent in the above case as well as his review of documents and other evidence collected in the course of the investigation, including but not limited to information provided by confidential source(s) and surveillance, as well as his review of reports and information he has received from other officers and agents involved in the investigation, and his conversations with other law enforcement officers reviewing the facts and circumstances of the investigation.

9. On June 3, 1999, the Defendant Property was conveyed to "ALESHIA B. AYERS, GRANTEE, a single person," and "CALVIN A. REEVES, GRANTEE, a single person . . . with full rights of survivorship and not as tenancy in common" via a *Warranty Deed*. This Warranty Deed was recorded with the Yazoo County Official Land Records on June 7, 1999, at Book No. 264A, Page 726. A review of the land records of Yazoo County does not show a subsequent conveyance of the Defendant Property. Aleshia B. Ayers passed away on or about September 29, 2024.

**A. Controlled Purchase #1**

10. On Monday, September 16, 2024, a controlled purchase operation was conducted by Agents of the Mississippi Bureau of Narcotics ("MBN") at the Defendant Property. A confidential informant ("CI") was provided with two hundred ($200.00) dollars in official state funds for the CI to purchase crack cocaine from Calvin Alton Reeves ("Reeves").

11. At approximately 13:01 hours, MBN Agent James Ragan issued to the CI audio/video equipment so that surveillance could be maintained during the drug transaction and two hundred ($200.00) dollars in official state funds for purchase of the crack cocaine from Reeves. At approximately 13:06 hours, the CI placed a phone call to Reeves's cell phone. The CI stated to Reeves that he/she was ten minutes from the Defendant Property. Reeves replied "come on."

12. At approximately 13:22 hours, Agent Ragan and the CI arrived at the Defendant Property. The CI exited Agent Ragan's vehicle, walked to the garage door, and walked into the home. Agent Ragan observed via video transmitter Reeves standing in the kitchen and greeting the CI. Reeves handed the CI a white envelope. The CI asked Reeves to open the envelope so that the CI could inspect its contents. Reeves tore the envelope open and dropped several white rock-like substances, which appeared to be crack cocaine, onto the kitchen table. Once the CI inspected the crack cocaine he/she asked Reeves to place the crack cocaine back into the envelope. The CI then handed Reeves the two hundred ($200.00) dollars and walked out of the Defendant Property.

13. At approximately 13:32 hours, the CI returned to Agent Ragan's vehicle and relinquished the crack cocaine to Agent Ragan. The crack cocaine was subsequently delivered to the Mississippi Crime Laboratory located in Pearl, Rankin County, MS, for further testing and was confirmed to be cocaine.

**B. Controlled Purchase #2**

14. On Thursday, September 19, 2024, a second controlled purchase operation was conducted by Agents of the MBN at the Defendant Property.

15. At approximately 12:41 hours, Agent Ragan issued to the CI audio/video equipment so that surveillance could be maintained during the drug transaction and two hundred

($200.00) dollars in official state funds for purchase of the crack cocaine from Reeves. At approximately 12:43 hours, the CI placed a phone call to Reeves's cell phone. The CI stated to Reeves that he/she had arrived in Yazoo City ahead of schedule and was ten minutes from the Defendant Property. Reeves replied, "come on and pull up."

16. At approximately 12:56 hours, Agent Ragan and the CI arrived at the Defendant Property. The CI exited Agent Ragan's vehicle and walked to the garage door and walked into the home. Agent Ragan observed via video transmitter Reeves standing in the kitchen greeting the CI. Reeves handed the CI a clear plastic bag. The CI asked Reeves to open the baggie so that the CI could inspect the contents of the baggie. Reeves opened and dropped several white rock-like substances (appearing to be crack cocaine) onto the kitchen table. Reeves was heard via audio transmitter telling the CI, "You can't beat it." Once the CI inspected the crack cocaine he/she asked Reeves to place the crack cocaine back into the baggie. At approximately 12:57 hours, the CI then handed Reeves the two hundred ($200.00) dollars and walked out of the Defendant Property.

17. At approximately 12:58 hours, the CI returned to Agent Ragan's vehicle and relinquished the crack cocaine to Agent Ragan. The crack cocaine was subsequently delivered to the Mississippi Crime Laboratory located in Pearl, Rankin County, MS, for further testing and was confirmed to be cocaine.

**C. Controlled Purchase #3**

18. On Wednesday, October 23, 2024, a third controlled purchase operation was conducted by Agents of the MBN at the Defendant Property.

19. At approximately 12:42 hours, the CI placed a phone call to Reeves's cell phone. The CI stated to Reeves that he/she would be arriving in Yazoo City in fifteen minutes. Reeves replied, "come on to the house."

20. At approximately 12:44 hours, Agent Ragan issued to the CI audio/video equipment so that surveillance could be maintained during the drug transaction and two hundred ($200.00) dollars in official state funds for purchase of the crack cocaine from Reeves. At approximately 13:01 hours, Agent Ragan and the CI arrived at the Defendant Property. The CI exited Agent Ragan's vehicle, walked to the garage door, and walked into the home. Agent Ragan observed via video transmitter Reeves standing in the kitchen and greeting the CI. Reeves handed the CI a clear plastic bag. The CI asked Reeves to open the baggie so that the CI could inspect the contents of the baggie. Reeves opened and dropped several white rock-like substances (alleged to be crack cocaine) onto the kitchen table. Reeves was heard via audio transmitter telling the CI, "You can't beat it." Once the CI inspected the crack cocaine, he/she asked Reeves to place the crack cocaine back into the baggie. At approximately 13:02 hours, the CI then handed Reeves the two hundred ($200.00) dollars and walked out of the home.

21. At approximately 13:04 hours, the CI returned to Agent Ragan's vehicle and relinquished the crack cocaine to Agent Ragan. The crack cocaine was subsequently delivered to the Mississippi Crime Laboratory located in Pearl, Rankin County, MS, for further testing and was confirmed to be cocaine.

**D. Controlled Purchase #4**

22. On Thursday, January 23, 2025, a fourth controlled purchase operation was conducted by Agents of the MBN.

23. At approximately 13:41 hours, the CI placed a phone call to Reeves's cell phone. The CI stated to Reeves that he/she would be arriving in Yazoo City in fifteen minutes. Reeves replied, "come to the parking of the Little Ceaser Pizza." This parking lot has the address of 110 Jerry Clower Blvd. Yazoo City, Yazoo County, MS.

24. At approximately 13:42 hours, Agent Ragan issued to the CI audio/video equipment so that surveillance could be maintained during the drug transaction and two hundred ($200.00) dollars in official state funds for purchase of the crack cocaine from Reeves.

25. At approximately 13:50 hours, Agent Ragan and the CI arrived in the Little Caeser's Pizza parking lot. Neither the CI nor Agent Ragan observed any of the vehicles that Reeves was known to drive. This prompted the CI to place a phone call to Reeves. Reeves answered the phone and stated that he was in a black car and parked beside a white van. Agent Ragan noticed the black vehicle parked three rows in front of him. Agent Ragan then parked one row in front of the black vehicle. Agent Ragan noticed the vehicle to be an older model black two-door Honda Civic.

26. Once Agent Ragan parked, the CI exited Agent Ragan's vehicle, walked to the Honda Civic's front passenger door and got into the Civic. Agent Ragan heard via the audio transmitter Reeves asking if Agent Ragan was cool. The CI replied, "yeah." Reeves then handed the CI a white envelope containing several rocks of crack cocaine. The CI asked Reeves to open the envelope so that the CI could inspect the contents of the envelope. Reeves opened the envelope and showed the crack cocaine to the CI.

27. At approximately 13:51 hours, the CI then handed Reeves the two hundred ($200.00) dollars and walked back to Agent Ragan's vehicle. The CI returned to Agent Ragan's vehicle and relinquished the crack cocaine to Agent Ragan.

28. The crack cocaine was subsequently delivered to the Mississippi Crime Laboratory located in Pearl, Rankin County, MS, for further testing and was confirmed to be cocaine.

**E. Controlled Purchase #5**

29. On February 13, 2025, a joint controlled purchase operation was conducted by

MBN agents and Agents/Task Force Officers of the FBI at the Defendant Property.

30. At approximately 13:21 hours, Agent Ragan issued to the CI audio/video equipment so that surveillance could be maintained during the drug transaction and SA Williams issued nine hundred ($900.00) dollars in official federal funds for purchase of the crack cocaine from Reeves.

31. At approximately 13:37 hours, Agent Ragan and the CI arrived at the Defendant Property. Shortly after, Reeves pulled up and into the driveway of his home. Reeves as the front seat passenger of a white Infiniti SUV that was being driven by his daughter, Caitlyn Reeves.

32. Once Reeves exited the Infiniti, Reeves made a hand motion to the CI to come on and follow him into the Defendant Property. Reeves and the CI walked into the Defendant Property via the garage door.

33. Agent Ragan observed via video transmitter Reeves walking into the back bedroom and returning to the kitchen and placing a large off-white rock-like substance onto the table. The CI stated to Reeves that it needed to weigh at least twenty-eight (28) grams. Reeves then retrieved a scale and weighed the crack cocaine. Reeves was then observed adding a few more small pieces of crack cocaine to the scale. At approximately 13:46 hours, the CI handed Reeves the $900.00 that SA Williams had given the CI.

34. At approximately 13:47 hours, the CI returned to Agent Ragan's vehicle and relinquished the crack cocaine to Agent Ragan. The crack cocaine was subsequently delivered to the Mississippi Crime Laboratory located in Pearl, Rankin County, MS, for further testing and was confirmed to be cocaine.

**F. Arrest**

35. On Thursday, February 27, 2025, at approximately 06:10 hours, U.S. Marshals and

MBN Agents arrived at the Defendant Property and knocked and announced themselves as police. Marshals and Agents heard a lot of movement inside the home and prepared to breach the front door of the Defendant Property. Law enforcement continued to make their presence known by continuing to state that they were the police.

36. At approximately 06:15 hours, Reeves exited the home through the garage door and was taken into custody. Agent Ragan identified himself to Reeves as an agent with the MBN, provided Reeves with a Miranda Warning, and explained the charges to Reeves. Reeves stated that he understood his rights. At approximately 06:18 hours, Agent Ragan presented Reeves with a Miranda Rights form. Reeves signed the form stating again that he understood his rights. Agent Ragan then presented a Consent to Search form to Reeves and asked him if he had any more narcotics in the Defendant Property. Reeves stated to Agent Ragan that he did not have anything in the Defendant Property. Agent Ragan then asked when was the last time Reeves had any crack cocaine in the Defendant Property. Reeves replied maybe Monday. Reeves then signed the Consent to Search Form. Reeves stated that he did have eighteen thousand ($18,000.00) dollars in his bedroom. Reeves claimed that he received this money from an inheritance from his wife.

37. At approximately 06:19 hours, Agent Ragan and Agent Tuura began to search the Defendant Property. Agent Ragan located a large bundle of U.S. Currency in a dresser located in Reeves's bedroom. This bulk U.S. Currency (the "Currency") was seized by Agent Ragan. Agent Ragan provided Reeves with an MBN Notice of Seizure form. Reeves was then transported to the Yazoo County Jail in Yazoo City, MS. The Currency was subsequently official counted and found to be eighteen thousand ($18,000.00) dollars.

38. At 08:21 hours, Agent Ragan allowed MBN K-9 BoBo to inspect the Currency. K-9 BoBo alerted to the presence of narcotics at one point being in close proximity to the Currency.

## CLAIM FOR RELIEF

39. The Defendant Property has not been seized but are located within this district and within the jurisdiction of the Court. The United States does not request authority from the Court to seize the Defendant Property at this time. The United States will file a *lis pendens* in the county record on the Defendant Property and will, as provided by 18 U.S.C. § 985(c)(1):

a. Post notice of this action and a copy of the Verified Complaint for Forfeiture *in Rem* on the Defendant Property; and

b. Serve notice of this action on the owner(s) of the Defendant Property, and any other person or entity who may claim an interest in the Defendant Property, along with a copy of this Complaint.

40. Plaintiff United States prays that process issue to enforce the forfeiture of the Defendant Property and that all persons having an interest in the Defendant Property be cited to appear and show cause why the forfeiture should not be decreed, and that this Court decree forfeiture of the Defendant Property to the United States for disposition according to law and that this Court grant the United States such further relief as this Court may deem just and proper, together with the costs and disbursements in this action.

**RESPECTFULLY SUBMITTED**, this the 14th day of September 2026.

J.E. BAXTER KRUGER
United States Attorney

By: *<u>/s/ JAMES R. BUSH</u>* (MSB 104653)
Assistant United States Attorney
501 East Court Street, Suite 4.430
Jackson, Mississippi 39201
Telephone: (601) 973-2171
Facsimile: (601) 965-4035
Email: James.Bush@usdoj.gov

**VERIFICATION**

I, Zavier Williams, hereby verify and declare under penalty of perjury, that I am a Special Agent with the Federal Bureau of Investigation (FBI), that I have read the foregoing Verified Complaint for Forfeiture *in rem* and know the contents thereof, and that the matters contained in the Verified Complaint for Forfeiture *in rem* are true to my own knowledge, except that those matters herein stated to be alleged on information and belief and as to those matters I believe them to be true.

The sources of my knowledge and information and the grounds of my belief are the official files and records of the United States of America, information supplied to me by other law enforcement officers, as well as my investigation of this case, together with others, as an FBI Special Agent.

I hereby verify and declare under penalty of perjury that the foregoing is true and correct.

Dated this the 14th day of September 2026.

ZAVIER WILLIAMS
Special Agent
Federal Bureau of Investigation